Mr. Rowe, are you on the line? Yes, good morning your honor. Good morning Mr. Rowe, you have 5 minutes. 5 minutes? Thank you your honor. My appeal is based on the plaintiff is time barred from reducing the tax lien to a judgment and in addition to that, I was never provided with any notice so I didn't even have due process in terms of defending myself properly. I explained that to the judge that discovery was underway and we should wait for all the discovery material to come in so that I could prove my case. I recently received, on Friday of last week, I received my FOIA request from the IRS which supports my position that would have vindicated me and the judgment would have never been obtained. The collection statute expired and the judge actually used the notice of tax lien October 19th date versus the actual December date that was shown on the pre-assessment. So an assessment was made prior to the October 19th date that the judge used in his calculation which showed that the government had 8 days remaining when in fact the government exceeded the time by 8 months. That's my simple argument. One, I was never given a full and fair opportunity to defend myself. I made sure to pay my taxes. The money that was collected or should have been collected was in a trust fund account for the school construction authority. So all the money I accounted for, the money was set aside properly and it was just for the trustee to go and collect the money. So I feel that the judge did not review the case in its entirety and now we have this mistake now. All right. Well, we understand your arguments and we have your papers and we will take the matter under advisement. So thank you. That completes the arguments for today. I'll ask the deputy to adjourn. Course ends adjourned.